TERRELL, Justice.
These are companion cases, the pleadings, the questions raised and all other material elements being substantially identical and controlled by the same principles of law. They will accordingly be disposed of in one opinion.
Williams Meat Co. tendered its amended complaint in the Circuit Court of Volusia County seeking to recover damages from The Casements Inc., a nonprofit corporation organized under Chapter 617, F.S., F. S.A., in the sum of $1,500. The complaint alleged that during 1953 the plaintiff sold meats and other foods to Fellowship Foundation, Inc., a nonprofit corporation author *737 ized to do business in Florida. To the original complaint was attached a list of invoices showing the dates and amount of goods purchased. The amended complaint also alleged that in McConnell v. Fellowship Foundation, Inc., a chancery case, The Casements, Inc., represented by its attorney, stipulated July 28, 1953, to assume and agree to pay the obligations of Fellowship Foundation, Inc.
Motion for more definite bill of particulars and motion to dismiss wore denied and The Casements, Inc., filed answer denying the material allegations of the complaint. Williams Meat Co. then filed motion for summary judgment alleging that there was due and owing by The Casements, Inc., to the plaintiff the sum of $1,037.95, plus interest and costs. Reference was again called to McConnell v. Fellowship Foundation, Inc. So the trial judge had before him the articles of incorporation of The Casements, Inc. The same judge had on June 18, 1953, approved the charter of The Casements, Inc., the names of the incorporators being L. S. McConnell, C. H. Pratt, Terese M. Traver, Margie Benbow and C. C. Ehr-hardt. The court also had before him his order in McConnell v. Fellowship Foundation, Inc., which in part recited as follows:
«* * * that the said Stipulation, and the various provisions thereof be, and the same are hereby, approved; also that the Warranty Deed dated July 30, 1953, executed by Fellowship Foundation, Inc., a corporation not for profit to The Casements, Inc., a corporation not for profit, transferring and conveying the Casements property therein described, be, and the same is hereby, approved; and that the Agreement, including Bill of Sale, dated July 30, 1953, executed by said Fellowship Foundation, Inc. and said The Casements, Inc., be and the same is hereby approved; also all other papers therewith submitted for the purpose of carrying into effect the said stipulation be, and the same are hereby approved.
“Done and Ordered in Chambers at Palatka,' Florida, this 1st day of August, A.D., 1953'.” . .
. The stipulation referred to in the quoted order, in so far -as pertinent to the present appeal is as follows:
“1. That the plaintiffs have organized a new, separate and distinct corporation not for profit, known as ‘The Casements, Inc.’ which' said corporation is organized for the benefit of and on' behalf of all the room' owners at said , Casements.
* * * * * *
“4. The Casements, Inc., will assume and agree to pay all outstanding amounts due on contracts and open accounts hereafter listed; provided, however, any unpaid accounts for materials, supplies, and services furnished and used at The Casements project, which are not listed herein, because unknown at this time, will be assumed and paid by The Casements, Inc. * $ $»
Said stipulation was signed by the plaintiffs, Margie Benbow, C. C. Ehrhardt, L. S. McConnell and James Lambert. Except Lambert, these were the same persons appearing in the charter as incorporators in The Casements, Inc. The trial judge accordingly entered summary judgment for appellee in the amount of $1,037.95, plus interest and costs.
Appellant contends that the entry of summary judgment was error. Three questions are urged to support this contention but in our judgment but one primary question is obvious and the answer to that turns on whether or not the trial judge had sufficient evidence before him to show that The Casements, Inc., assumed the obligations of Fellowship Foundation, Inc., as revealed by the statement of account attached to the complaint.
So, the court had before him the stipulation signed by plaintiffs showing that they had formed a new corporation, The *738 Casements, Inc., and that The Casements, Inc., had assumed certain obligations of its predecessor, Fellowship Foundation, Inc. The final decree in McConnell v. Fellowship Foundation, Inc., recited the transfer of assets of Fellowship Foundation, Inc., realty and personalty, to the successor, The Casements, Inc. From this evidence the court was warranted in finding that there was no genuine dispute of fact and that the successor corporation, The Casements, Inc., took the assets of Fellowship Foundation, Inc., charged with the debt due by appellant who was liable for the goods sold the predecessor corporation. Wolff v. Shreveport Gas, Electric Light & Power Co., 138 La. 743, 70 So. 789, L.R.A.1916D, 1138; Galatis v. Plasman, Fla., 80 So.2d 918; 13 Am.Jur., Corporations, Secs. 1236 and 1239.
The judgment in each case is, therefore, affirmed.
Affirmed.
DREW, C. J., THORNAL, J., and DICKINSON, Associate Justice, concur.